CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

for Roanoke

DEC - 5 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD DARRELL NEELY, | ) | Civil Action No. 7:14-cv-00389 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARK, | ) | By:   Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Ronald Darrell Neely, proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, while he was incarcerated. Petitioner alleged that due process was violated when he was penalized with the forfeiture of good conduct time for a prison disciplinary conviction. After Respondent filed a motion to dismiss, Petitioner filed a notice of change of address, indicating that he was no longer incarcerated. The court subsequently requested Respondent to address Petitioner's custodial status and its affect on the habeas petition. Respondent acknowledged that Petitioner had been released from incarceration and argues that this action is now moot. The time for Petitioner to respond has expired, and the case is ripe for disposition. After reviewing the record, I dismiss the action as moot.

"[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). Federal courts are "not empowered to decide moot questions or abstract propositions. . . ." California v. San Pablo & Tulare R.R., 149 U.S. 308, 314 (1893). "Moot questions require no answer." Mo., Kan. & Tex. Ry. v. Ferris, 179 U.S. 602, 606 (1900).

Plaintiff's release from incarceration moots the requested relief to restore good conduct time. Because Petitioner has already completed the term of incarceration to which the good

conduct time would apply, there is no remedy.  See Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992) (discussing redressability element of standing); Townes v. Jarvis, 577 F.3d

543, 548 (4th Cir. 2009) ("[I]f no realistic possibility exists that a plaintiff can obtain the ultimate

relief, Petitioner will fail to satisfy the redressability prong." (internal quotation marks omitted));

United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) ("[A] case is moot when the issues

presented are no longer live or the parties lack a legally cognizable interest in the outcome.").

Accordingly, Respondent's motion to dismiss is granted, and the action is dismissed as moot.

Based upon my finding that Petitioner has not made the requisite substantial showing of a denial

of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is

denied.

      **ENTER**: This 5th day of December, 2014.

                                      Senior United States District Judge

2